NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIAM OLIN BENNETT, *Appellant.*

No. 1 CA-CR 14-0163
FILED 2-19-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-108216-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Michael J. Brown joined.

**J O H N S E N**, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following William Olin Bennett's convictions of assault, a Class 3 misdemeanor, and aggravated assault, a Class 5 felony.  Bennett's counsel has searched the record and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259, 278 (2000); *State v. Clark*, 196 Ariz. 530, 536, ¶ 24 (App. 1999).  Bennett was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Bennett's convictions and the resulting imposition of probation.

## FACTS AND PROCEDURAL HISTORY

¶2        Bennett struck an off-duty, uniformed police officer and a security guard during an altercation at a hospital.[1]  A jury convicted him of assault (Count 2) and aggravated assault (Count 3).  The court suspended the imposition of sentences and placed Bennett on probation terms of one year for Count 2 and two years for Count 3, the terms to run concurrently.

¶3        Bennett timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and -4033(A)(1) (2015).[2]

## DISCUSSION

¶4        The record reflects Bennett received a fair trial.  He was represented by counsel at all stages of the proceedings against him and was present at all critical stages.  The superior court held appropriate pretrial hearings.  It did not conduct a voluntariness hearing; however, neither Bennett nor the evidence raised a question of the voluntariness of Bennett's statements.  *See State v. Finn*, 111 Ariz. 271, 275 (1974).

¶5        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members.  The court properly instructed the jury on the elements of

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Bennett.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

[2]        Absent material revisions after the date of an alleged offense, we cite a statute's current version.

the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal terms of probation for the crimes of which Bennett was convicted.

## CONCLUSION

**¶6**　　　　We have reviewed the entire record for reversible error and find none. Therefore, we affirm the convictions and the resulting terms of probation. *See Leon*, 104 Ariz. at 300.

**¶7**　　　　After the filing of this decision, defense counsel's obligations pertaining to Bennett's representation in this appeal have ended. Defense counsel need do no more than inform Bennett of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Bennett has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Bennett has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama